UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AVELINA BORJA,<br><br>    Plaintiff,<br><br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>    Defendant. | No. 2:18-cv-423-KJN<br><br>ORDER ON PARTIES' CROSS MOTIONS FOR SUMMARY JUDGMENT<br><br>(ECF Nos. 12, 17) |

Plaintiff seeks judicial review of a final decision by the Commissioner of Social Security denying her application for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act.[1] In her summary judgment motion, Plaintiff contends the Administrative Law Judge ("ALJ") erred by failing to articulate specific and legitimate reasons for discrediting (A) the opinions of three workers compensation physicians; and (B) the opinion of a treating physician. The Commissioner opposed, and filed a cross–motion for summary judgment.

After considering the parties' written briefing, the record, and the applicable law, the Court DENIES Plaintiff's motion for summary judgment, GRANTS the Commissioner's cross-motion for summary judgment, and AFFIRMS the final decision of the Commissioner.

---

[1] This action was referred to the undersigned pursuant to Local Rule 302(c)(15), and both parties voluntarily consented to proceed before a United States Magistrate Judge for all purposes. (ECF Nos. 6, 7.)

1

# I. BACKGROUND AND ALJ'S FIVE–STEP ANALYSIS[2]

Plaintiff was 60 years old when on July 16, 2013, she stopped working as an administrative clerk (Administrative Transcript ("AT") 19, 25, 51.) On December 2, 2014, Plaintiff applied for DIB, contending she was disabled due to, among other things, carpal tunnel syndrome. (AT 56.) Plaintiff's application was denied initially and again upon reconsideration on July 17, 2014. (AT 58, 68.) Plaintiff, aided by an attorney, sought review of these denials with an ALJ. (AT 17.) At an August 9, 2016 hearing, Plaintiff testified about her condition, and the ALJ heard testimony from a vocational expert ("VE") regarding Plaintiff's ability to perform her past work. (AT 32–50.)

On November 7, 2016, the ALJ issued a decision determining that Plaintiff was not disabled from her onset date through the present. (AT 14.) As an initial matter, the ALJ determined that Plaintiff met the insured status requirements of the Act for purposes of DIB through December 31, 2018. (AT 19.) At the first step, the ALJ concluded that Plaintiff had not engaged in substantial gainful activity since July 16, 2013, Plaintiff's alleged disability onset date. (Id.) At step two, the ALJ found that Plaintiff had the following severe impairments: carpal tunnel syndrome, status post bilateral open release, and degenerative disc disease of the cervical

---

[2] Disability Insurance Benefits are paid to disabled persons who have contributed to the Social Security program. 42 U.S.C. §§ 401 et seq. Disability is defined, in part, as an "inability to engage in any substantial gainful activity" due to "a medically determinable physical or mental impairment. . . ." 42 U.S.C. § 423(d)(1)(a). A parallel five-step sequential evaluation governs eligibility for benefits. See 20 C.F.R. §§ 404.1520, 404.1571—76; Bowen v. Yuckert, 482 U.S. 137, 140—42 (1987). The following summarizes the sequential evaluation:

> **Step one**: Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.
> **Step two**: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, then a finding of not disabled is appropriate.
> **Step three**: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App. 1? If so, the claimant is automatically determined disabled. If not, proceed to step four.
> **Step four**: Is the claimant capable of performing her past relevant work? If so, the claimant is not disabled. If not, proceed to step five.
> **Step five**: Does the claimant have the residual functional capacity to perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995). The claimant bears the burden of proof in the first four steps of the sequential evaluation process. Bowen, 482 U.S. at 146 n.5. The Commissioner bears the burden if the sequential evaluation process proceeds to step five. Id.

spine. (AT 20.) However, the ALJ determined at step three that these impairments did not meet or medically equal the severity of an impairment listed in Appendix 1. (Id.) (citing 20 C.F.R. Part 404, Subpart P, Appendix 1). Based on this information, the ALJ found Plaintiff had the RFC to perform light work, except that she could "frequently handle and finger bilaterally." (Id.) In reaching this conclusion, the ALJ first extensively detailed the differences between Plaintiff's allegations and her medical records. (AT 21–23.) The ALJ then considered and accepted some findings from three of Plaintiff's workers compensation physicians. (AT 23–24). However, the ALJ disregarded these physicians' conclusions given the differing policy goals of the two programs and inconsistency between Plaintiff's subjective complaints and the medical evidence. (Id.) Additionally, the ALJ gave "little weight" to the conclusions of Plaintiff's treating physician Dr. Birlew, finding them to be unsubstantiated. (AT 24.) The ALJ concluded at step four that Plaintiff was still capable of performing past relevant work as an administrative clerk. (AT 25.) This conclusion was so because her previous job did not require "the performance of work–related activities precluded by [her RFC]." (Id.)

On January 4, 2018, the Appeals Council denied Plaintiff's request for review. (AT 1–3.) Plaintiff then filed this action within sixty days requesting judicial review of the Commissioner's final decision. The parties filed cross–motions for summary judgment. (ECF Nos. 1, 12, 17, 18.)

## II. LEGAL STANDARD

The Court reviews the Commissioner's decision de novo, and should reverse "only if the ALJ's decision was not supported by substantial evidence in the record as a whole or if the ALJ applied the wrong legal standard." Buck v. Berryhill, 869 F. 3d 1040, 1048 (9th Cir. 2017). Substantial evidence is more than a mere scintilla, but less than a preponderance; i.e. "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Edlund v. Massanari, 253 F. 3d 1152, 1156 (9th Cir. 2001). "The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities." Id. The court will uphold the ALJ's conclusion where "the evidence is susceptible to more than one rational interpretation." Tommasetti v. Astrue, 533 F. 3d 1035, 1038 (9th Cir. 2008). Further, the court may not reverse the ALJ's decision on account of harmless error. Buck, 869 F. 3d at 1048.

### III. ISSUES PRESENTED

Plaintiff contends the ALJ's decision, as detailed above, is not supported by substantial evidence. Specifically, Plaintiff argues the ALJ failed to articulate specific and legitimate reasons for discrediting: (A) the three workers' compensation physicians—as the ALJ "simply lumped the three opinions together" instead of independently evaluating each; and (B) the treating opinion of Dr. Birlew—as his conclusion "relied on more than just Plaintiff's subjective accounts of her symptoms." (ECF No. 12–1 at p. 1.) Plaintiff seeks a remand for further proceedings. (Id.)

The Commissioner disagrees, arguing that in light of the medical evidence, the ALJ sufficiently detailed why he (properly) discounted the conclusions of both Dr. Birlew and the three workers compensation physicians. (ECF No. 17 at pp. 6, 9.) Thus, the Commissioner contends the RFC (and decision as a whole) is supported by substantial evidence, which should result in the ALJ's opinion being affirmed. (Id.)

### IV. DISCUSSION

The weight given to medical opinions depends in part on whether they are proffered by treating, examining, or non-examining professionals. Holohan v. Massanari, 246 F. 3d 1195, 1201–02 (9th Cir. 2001); Lester v. Chater, 81 F. 3d 821, 830 (9th Cir. 1995). Generally speaking, a treating physician's opinion carries more weight than an examining physician's opinion, and an examining physician's opinion carries more weight than a non-examining physician's opinion. Holohan, 246 F. 3d at 1202.

To evaluate whether an ALJ properly rejected a medical opinion, in addition to considering its source, the Court considers whether (1) contradictory opinions are in the record; and (2) clinical findings support the opinions. Lester, 81 F. 3d at 831. A contradicted opinion of a treating or examining professional may be rejected for "specific and legitimate" reasons. Id. at 830. An ALJ provides specific and legitimate reasons by "setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating [an] interpretation thereof, and making findings." Magallanes v. Bowen, 881 F. 2d 747, 751 (9th Cir. 1989) (citation omitted).

///

**A. The ALJ's decision to disregard the three workers compensation physicians can be reasonably discerned.**

Plaintiff first contends that the ALJ "improperly lumped multiple detailed assessments by several consultative examiners . . . instead of analyzing each opinion and evaluating the medical bases for the opinions." (ECF No. 12–1 at pp. 10–11.) Essentially, Plaintiff contends the following opinions were glossed over simply because they were generated in her worker's compensation case:

– On June 6, 2014, Plaintiff saw Dr. Craig Bottke, an orthopedist, who opined after an examination of her hands that Plaintiff should be restricted to no lifting or griping over 5 lbs. with either hand occasionally and no typing or writing for over 15 minutes per hour. (AT 507–08.)

– Plaintiff twice visited Dr. Matthew Johnson, a physical medicine specialist, who opined after the examinations that Plaintiff be restricted to no repetitive grasping/torquing, no typing greater than 15 minutes per hour, and no lifting over 20 lbs. (AT 814, 853.)

– Finally, on February 8, 2016, Plaintiff visited, Dr. Niijar, an orthopedist, who opined that Plaintiff could still be gainfully employed "where constant use of the hands is not required." (AT 885.)

In giving these three physicians' opinions "little weight," the ALJ opined: "While these medical evaluations are relevant in that they contain assessments that are useful for determining the claimant's functional ability, their administrative conclusions are different, as the two programs have different criteria for evaluation and policy goals." (AT 23.) The ALJ later repeats this sentiment: "While the undersigned has considered these [physicians'] reports, the criteria used in such reports differs from that of the Social Security Act." (AT 24.) Beyond these statements, the ALJ did not appear to discuss the differences between the two programs. This failure is legal error, as the ALJ is required to translate symptoms from a workers compensation case into the social security context before analyzing and accepting/rejecting any such opinion. See Booth v. Barnhart, 181 F.Supp.2d 1099, 1106 (C.D. Cal. 2002) ("The ALJ must translate terms of art contained in such medical opinions into the corresponding Social Security terminology in order to accurately assess the implications of those opinions for the Social Security disability determination.") (citing 20 C.F.R. § 404.1504 ("[A] determination made by another agency that

5

you are disabled ... is not binding on us."); see also Ray v. Saul, 2019 WL 3767454, *3 (E.D. Cal. August 9, 2019) ("Here, the ALJ made no effort to translate Dr. Burt's opinion into corresponding Social Security terminology. Such a failure constitutes error."). As has been stated, this translation need not be explicit, but "should at least indicate that the ALJ recognized the differences between the relevant state workers' compensation terminology, on the one hand, and the relevant Social Security disability terminology, on the other hand, and took those differences into account in evaluating the medical evidence." See, e.g., Cohen v. Berryhill, 2019 WL 483321, *6 (C.D. Cal. February 6, 2019) (finding that "the ALJ's conclusory assertion that the standard for disability for workers' compensation and Social Security are completely different" was not a valid basis for rejecting the workers' compensation physicians.").

Despite this failure to translate, the undersigned finds this error to be harmless, as the ALJ's decision provides more than a thorough basis for rejecting each of these physicians' conclusions. In the ALJ's decision, he states he considered the objective clinical and diagnostic evidence relied upon by these three physicians, and found it comported with the RFC. (See AT 24, citing a substantial number of reports, medical imaging studies, and nerve conduction studies indicating Plaintiff had "intact reflexes, sensation, strength, and largely a full range of motion.") What remained in each of the three physicians' reports were their findings based on Plaintiff's subjective symptoms—which in the prior paragraphs the ALJ extensively detailed, evaluated per the relevant two–step analysis (Molina v Astrue, 674 F.3d 1104, 1112 (9th Cir. 2012)), and ultimately rejected. (See AT 21–23, detailing at length Plaintiff's allegations of pain and discounting these complaints as unsupported by the medical evidence in the record.) Thus, while the ALJ could have been more explicit in comparing the social security terminology with that of the workers' compensation program, and could have better linked his determinations regarding these three physicians with the two–plus pages rejecting Plaintiff's subjective claims, the decision provides ample material for the undersigned to review. See Treichler v. Comm'r, 775 F.3d 1090, 1099 (9th Cir. 2014) (describing an ALJ error as harmless if "the ALJ's path may reasonably be discerned despite the error."); see Bayliss v. Barnhart, 427 F.3d 1211, 1217 (9th Cir. 2005) ("In making his RFC determination, the ALJ took into account those limitations for which there was

record support that did not depend on Bayliss's subjective complaints. Preparing a function-by-function analysis for medical conditions or impairments that the ALJ found neither credible nor supported by the record is unnecessary."). The rejection of these physicians' conclusions was not in and of itself error. See La Cour v. Astrue, 2010 WL 4056091, *8 (C.D. Cal. Oct. 15, 2010) (denying remand where the ALJ considered the opinion of a workers' compensation treating physician, found the objective evidence from that physician supported the RFC, and determined that the plaintiff's complaints of numbness and pain from her carpal tunnel syndrome was unsupported by the record—all without comparing the two programs' goals).

**B. The ALJ did not erroneously discount the opinion of Dr. Birlew.**

Plaintiff contends the ALJ failed to offer specific and legitimate reasons for discrediting the treating opinion of Dr. Birlew, Plaintiff's treating physician. Specifically, Plaintiff contends the ALJ improperly ignored Dr. Birlew's conclusion that she be restricted to lifting no more than 10 lbs. on a sustained basis and to occasionally climbing and lifting. Plaintiff also contends the ALJ should have considered Dr. Birlew's conclusion that Plaintiff's severe pain would interfere with her ability to concentrate on simple tasks. (See ECF No. 12–1 at pp. 18–19, summarizing portions of Dr. Birlew's findings.)

The Court notes the parties do not agree on the standard the ALJ should have applied regarding Dr. Birlew's report. Plaintiff argues the lesser "specific and legitimate" test should be applied, assuming that the ALJ referred to other physicians who contradicted Dr. Birlew's report. (ECF No. 12–1 at p. 17.) The Commissioner offers an argument under the Ninth Circuit's more–stringent "clear and convincing reasons" test, apparently taking the position that Dr. Birlew's opinion on these matters was uncontradicted.[3] Even assuming this heightened test, the undersigned finds the ALJ properly identified "what testimony is not credible and what evidence undermines the claimant's complaints." Lester, 81 F. 3d at 834. In rejecting Dr. Birlew's opinion for "fail[ing] to substantiate his opinions," the ALJ reasoned:

---

[3] The Commissioner also asserts another standard should be applied, arguing 20 C.F.R. ¶ 404.1527(c)(2) only requires "good reasons" to be expressed in an ALJ decision in order for a treating physician's opinion to be rejected. (ECF No. 17 at p. 9–10.) This is not the standard as currently instructed by the Ninth Circuit, and the undersigned is bound by circuit precedent.

7

> In particular, the doctor apparently relied quite heavily on the subjective report of symptoms and limitations provided by the clamant [sic], and seemed to uncritically accept as true most, *if not all*, of what the clamant [sic] reported regarding her pain and limitations. Yet the doctor's own reports fail to reveal the type of significant clinical and laboratory abnormalities one would expect if the claimant were in fact limited to the degree opined[,] and the doctor did not address this weakness. Specifically, although the doctor cites to the claimant's September 2014 EMG and nerve conduction study, the impression was only mild bilateral carpal tunnel syndrome. Further his own observations of the claimant were largely normal, with a substantially normal range of motion through, intact reflexes, intact sensation, and normal gait and posture. Indeed, medical imaging studies also failed to not[e] substantial abnormality in her cervical spine. While Dr. Birlew has a long history of treating the claimant, his own notes, as well as other examinations and studies, are inconsistent with these opinions. As such, the undersigned gives them little weight.

(AT 24, emphasis added.) The ALJ then cited to seventy–four separate documents in the record supporting his findings. (Id.) Additionally, the ALJ had previously worked through a detailed analysis of why the medical evidence did not support Plaintiff's subjective claims, providing additional support for the finding that Dr. Birlew's conclusions were unsubstantiated. (See AT 21–23, the "Allegations" section.) Because it is for the ALJ to resolve conflicts in medical testimony, Edlund, 253 F. 3d at 1156, and this decision shows the ALJ properly performed this duty, the decision must be affirmed. See Batson v. Comm'r., 359 F.3d 1190, 1197 (9th Cir. 2004) ("The ALJ was not required to incorporate evidence from the opinions of Batson's treating physicians, which were permissibly discounted."); see also Kallenbach v. Berryhill, 766 F. App'x 518 (9th Cir. 2019) (finding the ALJ provided specific, clear, and convincing reasons for discounting claimant's testimony, including inconsistencies between his allegations of impairment and his medical treatment records and inconsistencies between the medical opinion evidence and his testimony); Linden v. Berryhill, 736 F. App'x 684, 685 (9th Cir. 2018) (finding that the ALJ provided clear and convincing reasons to reject testimony where the plaintiff tended to exaggerate her symptoms when seeking treatment); Wilson v. Astrue, 435 F. App'x 636, 639 (9th Cir. 2011) (finding the ALJ properly discredited a physician's assessment due to inconsistencies between the opinion and the medical evidence); Stockwell v. Astrue, 344 F. App'x 414, 415 (9th Cir. 2009) (finding discrediting of physician's opinion to be clear and convincing

where the ALJ noted the inconsistencies between the doctor's opinion on the plaintiff's disability and prior opinions by the doctor indicating otherwise); Johnson v. Massanari, 19 F. App'x 719, 721 (9th Cir. 2001) (finding the ALJ provided clear and convincing reasons for discounting a physicians opinion where inconsistencies arose between the doctor's assessments and the clinical findings and the weight of the evidence as a whole).

## V. **CONCLUSION**

In sum, the Court finds that the ALJ's decision was free from prejudicial legal error and supported by substantial evidence in the record as a whole. Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for summary judgment (ECF No. 12) is DENIED;
2. The Commissioner's cross-motion for summary judgment (ECF No. 17) is GRANTED;
3. The final decision of the Commissioner is AFFIRMED, and judgment is entered for the Commissioner; and
4. The Clerk of Court shall close this case.

IT IS SO ORDERED.

Dated: September 23, 2019

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

borj.423